**WORSTER, Plaintiff-Appellee, v. VOLUNTEERS OF AMERICA, Defendant-Appellant, VALLEY GREYHOUND LINES, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4330. Decided November 28, 1949.

Fogle & Fogle, Marietta, Joseph M. Harter, Columbus, for plaintiff-appellee.

Warren C. Armstrong, Paul R. Gingher, Columbus, for defendant-appellant.

MONTGOMERY, PJ, of the Fifth District, and CARPENTER, J, and FESS, J, of the Sixth District, sitting by designation in the Second District.

## OPINION

By CARPENTER, J.

On the afternoon of February 19, 1946, the plaintiff, Laura B. Worster, was riding as a passenger on a bus of the defendant, Valley Greyhound Lines, Inc., being operated by it east from Columbus on the Groveport Pike, a blacktop macadam pavement 20 feet wide. As the bus approached a small curve just east of Groveport, a westbound Ford pickup truck owned by defendant, The Volunteers of America, a New York corporation not for profit, and driven by one of its employes, Charles Root, came across the pavement toward the bus. The bus driver turned it sharply to his right off the pavement onto the berm, but the truck collided head on with the left front of the bus.

The front part of the truck was badly crushed in and the driver and a passenger riding with him were killed. The plaintiff sustained serious injuries. For the resulting damages she brought this action against both The Volunteers of America and the bus company. On trial the jury found for the bus company and against The Volunteers of America, fixing the damages at $5000.00. From the judgment entered thereon, the defendant took this appeal on questions of law.

Various claimed errors are assigned, but two are seriously urged and will be the subject of comment.

One is that the court should have directed a verdict for the defendant for the reason that there was no evidence that the driver of its truck was acting within the course of his employment at the time and place of collision.

The commander of the six posts of the Volunteers in Ohio, who is also the commander of the Columbus post, testified in defense and on cross-examination said that the Volunteers, among other things, were engaged in the collection of salvage, that on the day of this collision several trucks were so engaged, including this one, but that such collections were only authorized in Columbus and municipalities contiguous to it. That day, driver Charles Root was directed to make such collections on the east side of Columbus, and if he was as far east as Groveport or farther, he was outside of the area of her orders to him.

She also admitted that she signed an "Employer's Report" to the Industrial Commission of Ohio on the death of Charles Root in which she answered the following questions under the hearing "Accident (Time)":

"9. Accident occurred where? ½ mi. so. of Groveport, Ohio. Franklin County, Ohio."

and under heading "Accident (Description)":

"13. Occupation of deceased at time of the injury? Truck driver.

"14. Experience of deceased employe in this type of work during lifetime?    8 yrs.

"15. Name of department or job or product employe was working on and nature of work when the accident occurred? Collecting salvage.

"16. How did accident happen?    Head on collision with Valley Greyhound bus."

In the certificate at the end of this report this witness certified "that the deceased herein named was on the date shown herein an employe of the undersigned."

The witness further testified that she only intended this as a description of the general character of the employe's job on that day.  This record was relevant as bearing upon the credibility of the witness' testimony as to her instructions to the driver.

Witnesses for plaintiff, who were at the scene of the collision, testified that on the truck there were cartons containing cast-off clothing.

With this evidence record, the court properly submitted to the jury the question of agency of the driver at the time of the collision, and its finding thereon is sustained.

2. The court charged the jury that the driver of the defendant's truck was negligent as a matter of law in that he operated it on his left side of the road, and only submitted to the jury the question whether such negligence was the proximate cause of plaintiff's injuries.

The evidence was that it had been raining that afternoon and that the pavement was wet, some witnesses said "damp." It is not disputed that as the truck approached the bus around that curve it was in a skid and its driver was trying to get control of it when it went off the road and into the bus.  Defense urged that it may have been an unavoidable accident, and a question for the jury as to negligence.

In support of this contention, **Kohn, Admr., v. B. F. Goodrich Co., 139 Oh St, 141,** is cited.  In that case the roadway on a bridge was covered with thick ice into which traffic had cut ruts, and defendant's truck in these ruts skidded to the left and killed the plaintiff's decedent, a bridgetender.  The court charged the statute on the duty of a driver to keep to the right.  The defendant requested the court to charge on unavoidable accident and how it might have been such and

exculpated the driver. This was refused and the Supreme Court said it was error.

Here the driver was on a wet blacktop pavement, a type we often see posted "Slippery when wet." That was a condition of known danger to any driver, one calling for care commensurate with the obvious risk to the driver and others on the highway, unless care is used, and when it is, under such ordinary circumstances as were present in this case, accidents like this do not happen. The crushed condition of the front end of the truck was mute evidence of the force with which it hit the bus, and of the speed which generated such force.

It should also be noted that no suggestion was made to the court at any time that this may have been an unavoidable accident, and no request for an instruction on that subject was made.

After the charge, the court invited suggestions from counsel.

Apparently counsel for Volunteers, in a conversation with the court not reported in the record, suggested in connection with the charge on negligence, further instructions as to proximate cause, which the court gave.

While that counsel took a general exception to the charge, he excepted specially to the charge with respect to the agency of the truck driver. Mention is made of this at the time merely as indicating the state of mind of counsel and the court at that time.

Finding no error prejudicial to defendant, The Volunteers of America, the judgment will be affirmed.

Judgment affirmed.

MONTGOMERY, PJ, FESS, J, concur.